**Charles A. DAMIANO a/k/a Charles A. Damyn, Petitioner-Appellant,**

v.

**FLORIDA PAROLE AND PROBATION COMMISSION and Jim Smith, The Attorney General of the State of Florida, Respondents-Appellees.**

No. 85–3467
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 1, 1986.

nation.

Doris E. Jenkins, Asst. Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, Fla., for respondents-appellees.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Petitioner-appellant Charles Damiano brings this appeal from the district court's denial of his petition for writ of habeas corpus. Damiano, a Florida State prisoner, alleged that respondent-appellee Parole and Probation Commission had unconstitutionally extended his presumptive parole release date (PPRD). Specifically, he claimed that appellee had violated his rights to due process and equal protection, had subjected him to cruel and unusual punishment, and had detained him pursuant to an ex post facto law. A magistrate recommended denial of the writ, without benefit of an evidentiary hearing. The district court reviewed the magistrate's recommendation *de novo* and denied the writ. We affirm the lower court on denial of the ex post facto and Eighth Amendment claims, but vacate and remand for a hearing on portions of the due process and equal protection claims.

## I. ISSUES ON APPEAL

Appellant presents the following issues for our review. First, he claims violations of due process based on appellee's use of false information in calculating the PPRD and appellee's failure to follow statutory guidelines in revising the PPRD. Second,

appellant claims that appellee denied him equal protection by using disciplinary reports to extend his PPRD while neglecting to likewise extend the PPRDs of other inmates incurring disciplinary reports. Furthermore, he asserts that appellee has discriminated against indigent prisoners by not furnishing counsel at disciplinary hearings even though affluent inmates may retain counsel for such hearings. Third, appellant claims that use of disciplinary reports to extend a PPRD as well as to deny other privileges during confinement constitutes cruel and unusual punishment. Last, appellant argues that appellee's retroactive use of parole guidelines to extend the PPRD constitutes imprisonment under an ex post facto law.

The lower court rejected the first three claims because, in its opinion, appellant's allegations failed to raise any issues of constitutional dimension. It rejected the last claim as a matter of law. Since questions of facts are not at issue, we may exercise plenary review of the lower court's denial of the writ. We also note that pro se petitions should be liberally construed, *see Williams v. Griswald,* 743 F.2d 1533, 1542 (11th Cir.1984), and that denial of the writ prior to an evidentiary hearing is proper only where petitioner can prove no set of facts justifying relief. *See id.* at 1537.

## II. FACTS

Appellant was convicted of four crimes in 1974, including robbery, conspiracy to commit robbery, grand larceny and petit larceny. Appellant was given concurrent sentences, the longest of which is seventy-five years for robbery. At that time, Florida law considered parole to be wholly a matter of discretion exercised by the Parole Commission. *See* Fla.Stat.Ann. § 947.-17-.18 (1973). In 1978, Florida adopted objective parole guidelines. *See* Fla.Stat. Ann. § 947.001 *et seq.* (1978). In accordance with these guidelines, appellant was

given an initial interview and his PPRD was first set for April 20, 1982. It was then re-set for September 19, 1982. The PPRD reflects both the severity of appellant's crime and any other aggravating factors and once determined, it is binding on appellee. *See* Fla.Stat.Ann. § 947.-172(3). It is subject to review and modification, however, after biennial consideration of appellant's institutional conduct or any new information not available at the initial interview. After appellant's first biennial review, his PPRD was extended 24 months for eight disciplinary reports incurred since his last review. At appellant's second biennial review, his PPRD was extended, this time for 36 months based on 17 disciplinary reports. Appellant's present PPRD is September 19, 1987. He has unsuccessfully petitioned for review of this PPRD in both state and federal district courts,[1] and now seeks this court's assistance.

## III. DISCUSSION

### A. *Due Process Claims*

Appellant contends that appellee has denied him due process in the calculation and modification of his PPRD. Specifically, he claims that appellee relied on erroneous reports of prior convictions and commitments in calculating a salient factor score; used duplicative and improper factors in aggravating the score; and relied on procedurally defective disciplinary reports to further extend the PPRD. With respect to the salient factor score and the aggravating factors, such errors in calculation do not rise to the level of constitutional violations.

■ There is no constitutional right to parole unless the state creates a protectible liberty interest in the establishment of a parole system. *See Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Despite the fact that the parole decision determines

1. It is not clear from the record whether appellant has in fact exhausted each of his claims, but it appears that appellee has waived the exhaustion requirement. *See Westbrook v. Zant,* 704 F.2d 1487 (11th Cir.1983).

whether a prisoner is released from confinement to enjoy conditional liberty, Florida has not created a liberty interest in the outcome of this decision. *See ·Staton v. Wainwright*, 665 F.2d 686 (5th Cir. Unit B 1982). Such an interest arises only when a parole statute provides that specific conditions mandate release. *See id.* at 688. Although much of the Florida statute is written in mandatory terms,[2] the ultimate parole decision is a matter of Parole Commission discretion. *See id.* Section 947.002 specifically provides that parole is granted only when the Commission finds a reasonable probability that a prisoner will live as a respectable law-abiding person, that he will be suitably employed and that his release is compatible with the best interests of society and himself. Thus, even though the PPRD is binding on the Commission, *see* Fla.Stat.Ann. § 947.172(3), it does not create a liberty interest or require due process protections. The lower court correctly denied relief on this claim.

■ Appellant has, however, raised a colorable due process claim with respect to the use of procedurally flawed disciplinary reports in modifying a PPRD. Florida law requires that parole decisions be based on "evidence which passes constitutional muster." *See Moore v. Florida Parole & Probation Commission*, 289 So.2d 719 (Fla. 1974). Appellant claims that the disciplinary proceedings which resulted in his disciplinary reports were deficient for several reasons. He alleges that he was not allowed to present real evidence, to call or cross-examine witnesses, to review or rebut investigative reports, and was not informed of the evidence used in support of the disciplinary reports. The Supreme Court has held that prisoners have rights to due process in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). These due process rights are not commensurate with those required in a criminal trial, *see*

*id.* at 2975, but they do place some constraints on disciplinary proceedings. To the extent appellant's disciplinary reports were rendered on improper procedure, they should not be used to extend his PPRD. *See Moore, supra.* Therefore, we vacate denial of the writ on this ground and remand for an evidentiary hearing. Appellant should have the opportunity to prove that the disciplinary proceedings at issue failed to meet the due process requirements of *Wolff* and its progeny and thus impermissibly affected his PPRD.

### B. *Equal Protection Claims*

■ Appellant asserts several violations of his right to equal protection of the parole statute. He alleges that appellee has failed to provide indigent prisoners with counsel at biennial and special reviews; has failed to follow its own regulations in setting his PPRD; and has failed to treat him as other prisoners similarly situated. Appellant's first allegation, although not addressed by the lower court, fails to raise an equal protection claim as this circuit has already held that prisoners have no right to counsel at hearings which merely determine, rather than revoke, parole. *See Cruz v. Skelton*, 543 F.2d 86 (5th Cir.1976). The writ should have been denied with respect to this claim but not the remaining claims.

Construing appellant's petition liberally, we believe the remaining allegations attempt to state a claim of disparate treatment. Contrary to the lower court's holding, the fact that Florida law allows appellee to extend a PPRD for disciplinary reports does not render a claim of disparate treatment impossible. Appellant must, however, establish first that he is similarly situated with other prisoners who received disciplinary reports but did not have their PPRDs extended. Second, he must establish that appellee has engaged in invidious discrimination against him based on race,

---

2. Section 947.16(3) of the parole statute is an example relied upon by appellant:

    (3) A person who has become eligible for an initial parole interview and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law.

religion, national origin, poverty or some other constitutionally protected interest. *See Cruz v. Skelton, supra; Osborne v. Folmar,* 735 F.2d 1316 (11th Cir.1984). Since appellant may be able to prove facts in support of this claim, the writ should not have been denied without an evidentiary inquiry by way of discovery or hearing. We remand for further proceedings on this claim as well as on the alleged due process violations discussed above.

C. *Cruel and Unusual Punishment and Ex Post Facto Claims*

■ Despite the fact that institutional conduct, as described in disciplinary reports, may support the modification of a PPRD, appellant argues that such use of disciplinary reports constitutes cruel and unusual punishment. He contends that disciplinary reports result in various deprivations, including segregation, disciplinary confinement, loss of gain time and institutional transfer. To compound these punishments with an extended PPRD is excessive. We disagree, for as this circuit has observed, the denial or postponement of parole is merely a disappointment rather than a punishment of cruel and unusual proportions. *See Craft v. Texas Board of Pardons & Paroles,* 550 F.2d 1054 (5th Cir.1977).

■ Appellant's ex post facto claim is likewise without support here. Such a claim is proper only when subsequent legislation imposes more onerous or disadvantageous punishment. *See Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). This is not the case with Florida's revision of the parole statute. When appellant was convicted in 1974, parole was a matter of complete discretion. *See Paschal v. Wainwright,* 738 F.2d 1173 (11th Cir.1984). It remains so even under the objective parole guidelines of 1978, since parole is still ultimately a matter of discretion. *See id.* at 1180 (citing Fla.Stat.Ann. § 947.18). Thus, appellant has not been subjected to more onerous treatment and the 1978 guidelines are constitutionally applicable to his case.

For the foregoing reasons, we affirm the lower court's denial of the ex post facto and Eighth Amendment claims. Appellant can prove no facts in support of these claims since the calculation of his PPRD implicates neither of these constitutional rights. Despite the fact that appellant has no constitutional right to parole, we vacate the lower court denial on due process and equal protection grounds. Appellant is entitled to an evidentiary hearing on the claim that his PPRD has been extended on the basis of procedurally invalid disciplinary reports, as well as on the claim that he has been subjected to unconstitutionally discriminatory treatment in the modification of his PPRD. Accordingly, this case is

AFFIRMED in part, VACATED in part and REMANDED.