Albert THOMAS, Plaintiff–Appellant,

Keithen Barrow, William Fuller,
Kenneth Holley, William T.
Bellamy, Plaintiffs,

v.

GEORGIA STATE BOARD OF PAR-
DONS AND PAROLES, W. Mobley
Howell, Chairman, Mamie B. Rees,
James T. Morris, Michael H. Wing,
Wayne Snow, Jr., John Doe, Richard
Doe, Defendants–Appellees.

No. 88–8779

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 24, 1989.

Michael E. Hobbs, State Law Dept., At-
lanta, Ga., for defendants-appellees.

Before VANCE, HATCHETT and
ANDERSON, Circuit Judges.

PER CURIAM:

Albert Thomas appeals from the judg-
ment of the district court dismissing his
complaint. For the reasons stated below,
we reverse the district court's dismissal of
plaintiff's equal protection claims brought
under 42 U.S.C. § 1983 challenging the de-
fendants' parole procedures and affirm the
dismissal of all other claims.

I.

Albert Thomas, a black prisoner incarcer-
ated at Georgia State Prison, filed this
action alleging in part that the Georgia
Board of Pardons and Paroles (the
"Board") violated his rights to due process
and equal protection of the laws by using
arbitrary, capricious, vague, and racially
discriminatory practices and procedures
when considering him and other similarly
situated prisoners for parole.[1] The com-
plaint alleged, among other things, that the
Board was racially unbalanced and prac-
ticed racial and economic discrimination
when deciding whether to grant parole and
whether to grant prisoners a face-to-face
meeting with Board members. Plaintiff
sought declaratory and injunctive relief
and compensatory and punitive damages.

Defendants answered, denied that plain-
tiff's rights had been violated, and filed a
motion to dismiss or, in the alternative, for
summary judgment. The court entered an
order holding that, in essence, plaintiff's
complaint challenged the legality of his
confinement and thus constituted a habeas
corpus petition, not a civil rights action
under section 1983. Therefore, the court
held, plaintiff would be required to exhaust
state remedies. See 28 U.S.C. § 2254(b);
Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct.
1827, 36 L.Ed.2d 439 (1973). In response,
plaintiff moved for and was granted per-
mission to amend his complaint to delete

---

1. Four other inmates initially joined in the com-
plaint but were dismissed from the case prior to
this appeal.

any challenge to the legality of his confinement.

The district court granted summary judgment in favor of defendants. This court vacated the judgment for failure to provide notice as required by Fed.R.Civ.P. 56(c). On remand, defendants renewed their motion for summary judgment or dismissal. In response, Thomas submitted an affidavit which asserted that material facts remained in dispute. The district court granted defendants' motion to dismiss. The court concluded that Thomas's affidavit demonstrated that in challenging the actions of the Board in denying him parole, Thomas essentially was challenging the duration of his confinement, rather than the conditions of his confinement. Therefore, the court concluded, his complaint constituted a habeas corpus petition. Accordingly, the court dismissed his complaint for failure to exhaust state remedies. We reverse.

## II.

This case is controlled by our recent decision in *Gwin v. Snow,* 870 F.2d 616 (11th Cir.1989). That case involved analogous allegations of a prisoner that his rights to due process and equal protection had been violated when racially discriminatory procedures were used to deny him parole and compassionate leave. After an exhaustive review of precedent from the Supreme Court and this circuit regarding the distinction between habeas corpus petitions and claims brought under section 1983, the court concluded that the prisoner's equal protection challenge to the parole procedures could properly be brought under section 1983. The court held that the prisoner's complaint did not constitute a habeas corpus petition, which requires the exhaustion of state remedies, "because a declaration of unconstitutionality of [parole] procedures would not automatically lead to [the prisoner's] release." *Id.* at 625. The court

held, however, that "to the extent that [the prisoner sought] an earlier release or a damage award" for the denial of parole, he was required to exhaust state remedies. *Id.* (citing *Cruz v. Skelton,* 502 F.2d 1101, 1102 (5th Cir.1974); *Meadows v. Evans,* 529 F.2d 385, 386 (5th Cir.1976), *adhered to in banc,* 550 F.2d 345 (5th Cir.), *cert. denied,* 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977)).

When we construe Thomas's complaint liberally, as we must for a *pro se* plaintiff, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it fairly can be read as challenging the Board's procedure of allegedly making parole decisions based on the unconstitutionally discriminatory factors of race and wealth. The complaint explicitly states that "[p]laintiffs *do not* seek release from prison but merely seek procedural amenities believe [sic] to have been arbitrarly [sic] witheld [sic] by the named Defendants." (emphasis in original). The complaint further makes clear the following:

> No claim is made that the sentence being served have [sic] expired or that Plaintiff's [sic] have a right to parole. The dispute goes only to the manner in which the Board considered Plaintiff's [sic] parole ...; there is no claim that the review process must or should lead to a specific outcome for a particular inmate. The Honorable Court is not being asked to rule on the duration of Plaintiff's [sic] confinement. If Plaintiffs prevail in the federal suit, the dates of their release will still depend upon the discretionary judgement of the Board who pass [sic] on the issue of parole....

Thomas's challenge to the procedure by which parole decisions are made, as opposed to the denial of his parole, can properly proceed under section 1983 without the requirement that state remedies be exhausted.[2] *Gwin,* 870 F.2d at 625. Accord-

---

2. The district court concluded that Thomas's affidavit demonstrates that, notwithstanding the language in the complaint, Thomas actually was challenging the Board's decision to deny him parole. We disagree. Thomas's affidavit as-

serts that the following material facts are in dispute:

> Whether I satisfy the requirements of Ga. Admin.Comp. Ch. 475–3.11 for a face-to-face interview like other similar [sic] situated prisoners with the Parole Board.

**1034**

ingly, the district court improperly dismissed Thomas's equal protection claims for failure to exhaust state remedies.[3] The district court, however, properly dismissed Thomas's claims that are based on the denial of his parole and the damages resulting therefrom. *See Gwin*, 870 F.2d at 625. Because these are habeas corpus claims, Thomas must exhaust his state remedies before seeking redress in federal courts.

Accordingly, we reverse the district court's dismissal of Thomas's claims relating to the Board's procedures and affirm the dismissal of all other claims.

Because we conclude that appellant's other contentions have no merit, we summarily reject them.

AFFIRMED in part, REVERSED in part, and REMANDED.

... Whether the plaintiffs were denied parole because of their race and indigent statute [sic] contrary to white prisoners.
... The Parole Board intentionally constituted [sic] of racially prejudiced persons.
... The Parole Board uses different criteria when considering black and white prisoners for parole consideration.
... The Parole Board conspired with other State prison officials against the plaintiffs by intentionally placing erroneous information and illegal disciplinary reports in plaintiffs' parole files....
... The said fraudulent, racially motivated conspiracy to place the said information and disciplinary reports stem [sic] from the fact that Albert Thomas was medically unable to labor at the defendants [sic] profit-making industrial plaints in 1982–1983, 1986–1987.
... The Parole Board denied plaintiffs due process and equal protection of the law by [sic] it neither used proper criteria to determine their eligibility for parole nor adequately explained the reasons for denying it as mandated by O.C.G.A. §§ 42–9–42, 42–9–45(a), (d) and 50–13–8....
... The Parole Board denied Albert Thomas' parole at least in substantial part because Thomas had previously filed lawsuits against prison officials; thus violating prisoner's constitutional rights to be free from retaliation because other prisoners who had been convicted of more heinous offenses, had been granted parole....
Although several issues do relate Thomas's challenge to his denial of parole, a fair reading of the asserted issues makes it clear that Thomas

continues to challenge the procedure by which parole decisions are made.

3. Appellees contend that even if exhaustion was not required, the court should have granted summary judgment because Thomas failed to support his claims sufficiently. In order to create a genuine issue for trial, Thomas was required to make a showing that parole decisions were made on the basis of race, poverty, or some other constitutionally invalid reason, *Damiano v. Florida Parole & Probation Comm'n*, 785 F.2d 929, 932–33 (11th Cir.1986) (citing *Osborne v. Folmar*, 735 F.2d 1316, 1317–18 (11th Cir.1984)), and that similarly situated inmates who were not members of the protected class received parole. *See Damiano*, 785 F.2d at 932. The record shows that Thomas filed numerous interrogatories and requests for admissions regarding specific prisoners, including requests for information about the crimes for which they were convicted, their sentences, their race, the relative wealth of their families, and the amount of time they served before being granted parole. In response, defendants moved for a protective order. Thomas's motions to compel were denied as moot when the district court first granted summary judgment. Because Thomas has not been given an opportunity to develop a record sufficient to support his claims, summary judgment was not appropriate. *See* Fed.R. Civ.P. 56(f); *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986).