[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10474
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:10-cv-02918-CC

BARRY STEVEN SLAKMAN,

Plaintiff-Appellant,

versus

L. GALE BUCKNER,
JAMES DONALD,
ROBERT E. KELLER,
TERRY BARNARD,
ALBERT MURRAY,
all members of Georgia Board of Pardons and Parole,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 22, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Barry Steven Slakman, a prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 civil complaint for failure to state a claim upon which relief may be granted and the denial of his motion for relief under Fed.R.Civ.P. 59(e). On appeal, Slakman argues that the district court erred in dismissing his § 1983 complaint because: (1) the Georgia Board of Pardons and Parole ("GBPP") violated his right against double jeopardy when it failed to consider his period of incarceration between August 1993 and his re-trial in 2001 in considering his suitability for parole; (2) he was subjected to excessive punishment when the GBPP considered his sentences to be consecutive rather than concurrent, and failed to use objective criteria for evaluating prisoners with the opportunity of parole; (3) the GBPP acted arbitrarily and capriciously when it based its decision to deny his parole on the severity of his crime, and used knowingly false information in making his parole suitability determination; and (4) he was denied equal protection of the laws when other similarly situated inmates were granted parole. After thorough review, we affirm in part, and reverse and remand in part.

We review de novo appeals from a 28 U.S.C. § 1915A(b)(1) sua sponte dismissal for failure to state a claim. Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001). A complaint fails to state a claim when, taking the

2

complaint's allegations as true, it does not appear that a claim to relief "is plausible on its face." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quotation omitted). To state a claim under § 1983, "a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). However, "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation omitted).

First, we reject Slakman's claim that the Georgia Board of Pardons and Parole ("GBPP") violated his right against double jeopardy when it failed to consider his period of incarceration between August 1993 and his re-trial in 2001 in considering his suitability for parole. The Double Jeopardy Clause provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court has stated that double jeopardy protection does not exist for the revocation of probation. United States v. DiFrancesco, 449 U.S. 117, 137 (1980); United States v. Whitney, 649 F.2d 296, 298 (5th Cir. Unit B 1981) (same);[1] see also Jonas v. Wainwright, 779 F.2d 1576,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close

1577 (11th Cir. 1986) (extending the reasoning for not applying the double jeopardy clause to the vacation of a presumptive parole release date); Smith v. Bell, 588 F.2d 169 (5th Cir. 1979) (affirming without discussion the denial of Smith's claim that the parole commission improperly denied his release on parole by subjecting him to double jeopardy).

Slakman's double jeopardy rights were not violated when the GBPP denied his parole. Not only have we previously considered, and rejected the argument that the denial of parole triggers the protections of the Double Jeopardy Clause before it, but we have held that the decision of a parole board in denying parole to a prisoner is not designed to punish a criminal defendant for violation of a criminal law. See Whitney, 649 F.2d at 298; Smith, 588 F.2d at 169.

Next, we are unpersuaded by Slakman's argument that he was subjected to excessive punishment when the GBPP considered his sentences to be consecutive rather than concurrent, and failed to use objective criteria for evaluating prisoners with the opportunity of parole. The Eighth Amendment, applicable to the states through the Fourteenth Amendment, forbids cruel and unusual punishment. U.S. Const. amend. VIII. However, "the denial or postponement of parole is merely a

---

of business on September 30, 1981, as well as all decisions by a Unit B panel of the former Fifth Circuit, Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

disappointment rather than a punishment of cruel and unusual proportions." Damiano v. Florida Parole & Prob. Comm'n, 785 F.2d 929, 933 (11th Cir. 1986).

Slakman argues that Damiano is distinguishable because it cited to a decision in which we held that the "psychological distress which prisoners suffer from the arbitrary and capricious denials of paroles" does not equate to cruel and unusual punishment, Craft v. Texas Bd. of Pardons & Paroles, 550 F.2d 1054, 1056 (5th Cir. 1977), and that he has suffered more than "psychological distress." However, in Damiano, the prisoner did not argue, and we did not base our decision, on the psychological distress caused by the parole board's extension of the prisoner's presumptive parole release date, but rather on whether such an extension was excessive. 785 F.2d at 931, 933. We held that this extension was not cruel and unusual, or excessive, and, thus, did not implicate the Eighth Amendment. Id. Similarly, here, the GBPP's decision to deny Slakman parole constitutes "merely a disappointment," rather than a punishment of cruel and unusual proportions. His claim fails.

Third, we find no merit in Slakman's claim that the GBPP acted arbitrarily and capriciously when it based its decision to deny his parole on the severity of his crime, and used knowingly false information in making his parole suitability determination. The Due Process Clause offers two different kinds of constitutional

protection: procedural due process and substantive due process, and a violation of either may form the basis for a suit under § 1983. McKinney v. Pate, 20 F.3d 1550, 1555-56 (11th Cir. 1994) (en banc). "[C]onduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1305 (11th Cir. 2003). In Waddell, we held that "[o]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." Id. We may affirm a decision of the district court on any ground supported by the record. Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Although the district court may have erred by failing to address Slakman's arbitrary and capricious argument, the record supports the district court's dismissal of Slakman's due process claims because the GBPP did not act arbitrarily and capriciously in denying his parole. First, with respect to the GBPP's consideration of the severity of Slakman's offense, this is not the type of "most egregious conduct" required in an arbitrary and capricious analysis. See Waddell, 329 F.3d at 1305. This is especially so since the Supreme Court has stated that "the gravity of the offense" must be considered in making a parole determination. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 15 (stating that "[T]he parole determination . . . must include consideration of what the entire

6

record shows up to the time of the sentence, including the gravity of the offense in the particular case."); see also Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979) (holding that "[i]t is clear that Jackson was not denied any constitutional rights by reason of the parole board's consideration of the nature and circumstances of his offense"). Slakman also cites to Day v. Hall, 528 F.3d 1315, 1317 (11th Cir. 2008), where we said that the prisoner "had a clear right to seek a parole determination based on reasons other than the 'circumstances and nature of the offenses' for which he was convicted." Day, however, is distinguishable from the instant case because, first, Day was not presented with the argument that the parole board's conduct was arbitrary and capricious and, second, in this case, there is no indication, and Slakman does not allege, that the GBPP did not consider other reasons for denying his parole.

In addition, Slakman's claim that the GBPP considered information that it knew or should have known was false and, thus, violated his right to due process, also fails. Although Slakman is correct in noting that we have held that the use of false information in a parole file can be a due process violation, Slakman fails to recognize that we have held, in the same context, that "prisoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim." Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001). Jones went on to say that "[w]ithout evidence of the Board's reliance on false information, a

7

prisoner cannot succeed." Id. In this case, Slakman's complaint fails to allege (beyond a conclusory statement) what false information was in his file, or that the GBPP relied on that false information in making its decision. Accordingly, the district court did not err in dismissing this claim.

We are, however, persuaded by Slakman's claim that the district court erred in dismissing his claim that he was denied equal protection of the laws when other similarly situated inmates were granted parole. To state an equal protection claim under § 1983, a plaintiff must allege that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on a constitutionally protected interest, such as race. Jones, 279 F.3d at 946-47. "The decision to grant or deny parole is based on many factors such as criminal history, nature of the offense, disciplinary record, employment and educational background, etc. . . . [In order to state an equal protection claim, a plaintiff must] show himself to be similarly situated, considering such factors, with . . . inmates who were granted parole." Fuller v. Georgia State Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988).

Slakman's complaint has, at least facially, met this burden. Specifically, the complaint identifies two paroled individuals whom Slakman alleges were treated more favorably than him on account of race. The complaint provides that the comparators are black males, while Slakman is a white male. At the time the

8

comparators were paroled, they had been incarcerated for 14 years and 15 years, respectively, while Slakman had been incarcerated for 15 years at the time he was denied parole in 2008. The comparators were convicted of malice murder with possession of a firearm during commission of a crime, and felony murder with possession of a firearm during commission of a crime. Slakman was convicted of aggravated assault and murder. Slakman received a college education and worked for 24 years before his conviction, while both of the comparators were not college educated, and one had no regular work history. Thus, unlike the prisoners in Jones and Fuller, and liberally construing Slakman's pro se complaint, Slakman has alleged a facially plausible equal protection claim sufficient to withstand dismissal for failure to state a claim.

Moreover, contrary to the district court's finding that Slakman failed to provide information regarding the circumstances of the comparators' offenses, the complaint did provide the underlying criminal offenses for which the comparators had been convicted. As a result, Slakman's complaint contained more than "labels and conclusions" and included factual allegations of sufficient "heft" to set forth "a plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557, 559 (2007). Because Slakman's equal protection claim is plausible on its face, the district court erred in dismissing the complaint on this ground. Accordingly, we reverse the district court's order as to Slakman's equal protection

9

claim.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**