[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14103
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00118-BAE-JEG


DERRON JACKSON,

Plaintiff-Appellant,

versus

LARRY BREWTON,
Unit Manager, Georgia State Prison,

Defendant-Appellee,

OFFICER ALTON MOBLEY,
Georgia State Prison,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 24, 2014)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Derron Jackson, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution.

I.

In December 2012, while incarcerated at Georgia State Prison, Jackson filed a pro se § 1983 complaint against Larry Brewton, a unit manager at the prison. Jackson alleged that Brewton had violated his First, Eighth, and Fourteenth Amendment rights in several ways.  Jackson's claims generally stemmed from his placement in administrative segregation.[1]  Specifically, Jackson alleged that Brewton had violated:  (1) his First Amendment rights by placing him in administrative segregation in retaliation for filing a sexual harassment claim against another officer at the prison; (2) his Eighth Amendment rights by housing him in a cell that was a "fire hazard" due to sealed windows and that had "no running water, no lights (2 days), [and] no heat"; (3) his Fourteenth Amendment procedural due process rights by placing him in administrative segregation without affording him constitutionally adequate process; and (4) his Fourteenth

---

[1] Although the record is unclear as to the exact length of Jackson's stay in administrative segregation, we gather from Jackson's complaint and an affidavit he attached to his opening brief that he was placed in administrative segregation in January 2012 and remained there "for a period of 365 days plus."

2

Amendment equal protection rights by withholding privileges from him that he afforded other inmates in administrative segregation.[2]

In response, Brewton filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Among other things, Brewton argued that the district court should dismiss Jackson's Eighth Amendment claim because Jackson had failed to exhaust his available administrative remedies before filing suit, or alternatively, because Jackson had failed to state a claim. Brewton also argued that Jackson had failed to state First Amendment or Fourteenth Amendment claims.

In May 2013, a magistrate judge issued a report and recommendation agreeing that Jackson had failed to exhaust his available administrative remedies with respect to his Eighth Amendment claim and that Jackson had failed to state First Amendment or Fourteenth Amendment claims. Jackson objected to the magistrate judge's report and recommendation. In August 2013, after a de novo review of the record in Jackson's case, the district court adopted the magistrate

---

[2] Jackson also named as a defendant Alton Mobley, an officer at the prison, and asserted, among other things, that Mobley had violated his Fourteenth Amendment equal protection rights by withholding privileges from him that he afforded other inmates in administrative segregation. When screening the complaint as required by 28 U.S.C. § 1915A, the magistrate judge found that Jackson had stated unrelated claims and directed him to advise the court on which claims he wished to pursue. Jackson responded that, if the court were to dismiss any of his claims, he wished to dismiss those against Mobley. The court dismissed those claims without prejudice and dismissed Mobley as a defendant. The court also dismissed two other claims against Brewton. Jackson has not appealed the district court's judgment on those claims.

judge's report and recommendation and dismissed Jackson's complaint.  This is Jackson's appeal.

## II.

We review de novo a district court's grant of a motion to dismiss, accepting the well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor.  Adinolfe v. United Techs. Corp., 768 F.3d 1161, 1169 (11th Cir. 2014); see Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).  We hold pro se pleadings like Jackson's to a less strict standard than pleadings filed by lawyers and thus construe them liberally.  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  But in order to avoid dismissal, even a pro se complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); see Saunders v. Duke, 766 F.3d 1262, 1266 (11th Cir. 2014).

## A.

Jackson contends that Brewton violated his First Amendment rights by placing him in administrative segregation in retaliation for filing a sexual harassment claim against another officer at the prison.  In support of his First Amendment claim, Jackson purports in his brief to this Court to incorporate by reference arguments that he made in his response in opposition to Brewton's

motion to dismiss and in his objections to the magistrate judge's report and recommendation. Jackson's mere citation to those documents, however, fails to satisfy Rule 28(a) of the Federal Rules of Appellate Procedure, which requires that he include in his brief his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies." Fed. R. App. P. 28(a)(8)(A); see Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1168 n.4 (11th Cir. 2004); see also Weatherly v. Ala. State Univ., 728 F.3d 1263, 1273 (11th Cir. 2013). Jackson's status as a pro se litigant does not relieve him of his obligation to comply with procedural rules. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Other than citing documents filed in the district court, Jackson devotes only one sentence of his brief in support of his First Amendment claim. That is not enough to place the issue before us. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014). Because Jackson has failed to adequately brief his First Amendment claim, he has abandoned it. See id.; Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally, . . . issues not briefed on appeal by a pro se litigant are deemed abandoned . . . .") (citations omitted). We affirm the district court's judgment on Jackson's First Amendment claim.

B.

Jackson contends that Brewton violated his Eighth Amendment rights by "hous[ing] [him] under barbaric conditions," specifically, a "cave–cell" with sealed windows and no running water, lights, or heat. He also contends that Brewton showed "callous indifference" to the condition of his cell. The district court dismissed Jackson's Eighth Amendment claim on the grounds that he had failed to exhaust his administrative remedies with respect to that claim before bringing suit. Jackson does not challenge that finding. Because Jackson has abandoned any argument that he exhausted his administrative remedies, we affirm the district court's judgment on his Eighth Amendment claim. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

C.

Jackson contends that Brewton violated his Fourteenth Amendment procedural due process rights by placing him in administrative segregation without affording him constitutionally adequate process. To survive a motion to dismiss his procedural due process claim, Jackson must plausibly allege three elements: (1) "a deprivation of a constitutionally[ ]protected liberty or property interest"; (2) "state action"; and (3) "constitutionally inadequate process." Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). With respect to the first element, the Due Process Clause protects a prisoner's freedom from restraint that

6

(1) unexpectedly alters the prisoner's term of imprisonment, or (2) "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483–84, 115 S. Ct. 2293, 2300 (1995) (citations omitted). Confinement in administrative segregation does not impose "an atypical and significant hardship" on a prisoner if the conditions of his confinement mirror the general prison population conditions. See id. at 486, 115 S. Ct. at 2301.

Jackson argues that his confinement in administrative segregation imposed an "atypical" hardship on him "compared to the ordinary incidents of prison life" because his cell lacked running water, lights (for two days), and heat. Even if we assume that the conditions of Jackson's confinement were different from those experienced by the prison's general population (Jackson does not tell us), and thus that Jackson has plausibly alleged a deprivation of a constitutionally protected liberty interest, he has not plausibly alleged that he received constitutionally inadequate process. Indeed, he tells us nothing about the process he did or did not receive before being placed in administrative segregation. The district court did not err in dismissing Jackson's procedural due process claim.

## D.

Finally, Jackson contends that Brewton violated his Fourteenth Amendment equal protection rights by withholding privileges from him that he afforded other

7

inmates in administrative segregation.  To survive a motion to dismiss his equal protection claim, Jackson must plausibly allege two elements:  (1) that "he is similarly situated with other prisoners who received" more favorable treatment; and (2) that "his discriminatory treatment was based on some constitutionally protected interest," such as race, religion, or national origin.  Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001); Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932–33 (11th Cir. 1986).  Even if we assume that Jackson has plausibly alleged the first element of an equal protection claim, he has not plausibly alleged the second:  that any disparate treatment he received was based on a constitutionally protected interest.  The district court did not err in dismissing Jackson's equal protection claim.

   **AFFIRMED.**