[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13873
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cv-00447-TJC-JRK

RONALD SEARCY,

Plaintiff-Appellant,

versus

PRISON REHAB INDUSTRIES & ENT, INC.,
CEO, Past and Present Presidents,
in their individual and their official capacity,
MR. R. YAX,
"Former" Plant Management,
in their individual and in their official capacity,
MR. S. WALKER,
Present Freezer Supervisor,
in their individual and in their official capacity,
SECRETARY, DEPARTMENT OF CORRECTIONS,
S. B. ROSSITER,
Assistant Warden DOC,
in their individual and in their official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2018)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This case on appeal concerns the district court's dismissal of *pro se* Florida prisoner Ronald Searcy's second amended civil-rights complaint. Searcy claims that the district court erred in (1) dismissing his action without first requiring a magistrate judge to review his second amended complaint; and (2) dismissing his 42 U.S.C. § 1983 claims asserting violations of due process and equal protection, for failure to state a claim.[1]  After careful consideration, we affirm the district court's dismissal of Searcy's second amended complaint.

## I.

Searcy filed the pending action against Prison Rehab Industries & ENT, Inc. ("PRIDE"), its chief executive officer and past presidents, and seven Florida Department of Corrections ("FDOC") and PRIDE officials. In his original complaint, Searcy alleged several constitutional and statutory violations in connection with his placement in administrative confinement after an altercation with other inmates that occurred in mid-2015, and his subsequent transfer from his PRIDE work assignment at "cold storage" to a different position within the prison

---

[1] By failing to mention them in his brief, Searcy has forfeited the following claims that were present in his second amended complaint: (1) his contract and conspiracy claims under 42 U.S.C. §§ 1981 and 1985, (2) his Eighth Amendment claim of cruel and unusual punishment, and (3) his supervisory liability claims. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

2

dormitory.  Searcy alleged that he was exonerated of "false charges" stemming from the altercation but that he did not receive his work assignment back even though several of the other inmates involved in the fight did.

Before any of the defendants could file a response, a magistrate judge screened Searcy's complaint pursuant to 28 U.S.C. § 1915A and ordered him to file an amended pleading because he had failed to set forth his claims adequately. In the order, the magistrate judge supplied Searcy with instructions to aid him in his redrafting of his complaint.

Searcy then filed an amended complaint against the same defendants.  A magistrate judge again screened the amended complaint in accordance with 28 U.S.C. § 1915A, finding the claims to be substantially similar to those in the original complaint.  Once again, the magistrate judge determined that Searcy's complaint failed to adequately set forth claims for relief.  Therefore, the magistrate judge ordered Searcy to file a second amended complaint. To assist Searcy, the magistrate judge again provided instructions on how to properly set forth allegations in accordance with Rule 8(a)(2), Fed. R. Civ. P.

Searcy then filed his second amended complaint against the same defendants in the district court.  The second amended complaint again alleged that following a fight with other inmates, Searcy was accused of violating FDOC regulations and placed on administrative confinement.  It also alleged, after Searcy was exonerated

3

of all charges, he was transferred to a dormitory houseman position and removed from his work assignment with PRIDE in "cold storage," while the other three inmates involved in the altercation returned to their positions. As is pertinent here, Searcy claimed that several of the defendants discriminated against him on the basis of his race, in violation of the Equal Protection Clause. Searcy also claimed that defendants violated his due-process rights.

Before any review by a magistrate judge, the district judge conducted a screening of Searcy's action pursuant to 28 U.S.C. § 1915A(a). Upon doing so, the district court construed Searcy's complaint as having raised claims under 42 U.S.C. § 1983. The district judge ultimately dismissed the second amended complaint without prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1) and Rule 12(b)(6), Fed. R. Civ. P.

Searcy now appeals. As we have noted, Searcy claims that the district court erred in (1) dismissing his action without first requiring a magistrate judge to review his second amended complaint and (2) dismissing his 42 U.S.C. § 1983 claims asserting violations of due process and equal protection, for failure to state a claim.

4

**II.**

We begin with Searcy's claim that the district judge was required to submit Searcy's second amended complaint to the magistrate judge for review before dismissing the complaint.  We find no merit to that claim.

Under 28 U.S.C. § 636(b)(1)(A), a district court may designate a magistrate judge to hear and determine any pretrial matter, except a dispositive motion, including a motion to dismiss for failure to state a claim upon which relief can be granted.  Nevertheless, a magistrate judge may issue a report and recommendation to the district court concerning dispositive motions.  *See* 28 U.S.C. § 636(b)(1)(B).

Searcy has failed to show that the district court erred in dismissing the second amended complaint without first requiring a magistrate judge to issue a report and recommendation.  He has provided no authority showing that he has the right to have any issues determined by a magistrate judge prior to the district court's ruling, and we are not aware of any such authority.

Nor, as Searcy contends, does the district court's review of Searcy's second amended complaint prior to receiving a report and recommendation from a magistrate judge in any way impede Searcy's right to due process of law.  First, the text of § 636(b)(1)(A) states as follows:  "[A] judge *may* designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . ."  28 U.S.C. § 636(b)(1)(A) (2018) (emphasis added).  That statutory section does not

5

say that the district court *must* designate pretrial matters to the magistrate judge. So the statute does not entitle Searcy to a magistrate judge's review of his complaint before the district judge conducts his review.   Second, the district court's decision to, in the first place, conduct its own § 1915A analysis and subsequent dismissal of Searcy's complaint did not infringe upon any protections offered to Searcy by the Constitution or by statute.  The district court itself issued an order dismissing the case, which, as we explain below, contained a proper analysis of Searcy's claims.  And since the district court dismissed Searcy's second amended complaint without prejudice, nothing prevented him from filing a third amended complaint instead of appealing.

### III.

We now turn to Searcy's arguments that the district court erred in dismissing his 42 U.S.C. § 1983 claims asserting violations of due process and equal protection, for failure to state a claim.  A district court must review a prisoner's civil complaint against a governmental entity or an officer or employee of a governmental entity "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007).  The court shall dismiss the complaint or any portion thereof that fails to state a claim upon which relief may be granted.  *Id.* § 1915A(b)(1).

We review de novo the district court's dismissal of a complaint for failure to state a claim under § 1915A(b)(1) using the same standards that govern dismissals under Rule 12(b)(6), Fed. R. Civ. P. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam).

When reviewing a dismissal for failure to state a claim, we accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Starship Enters. of Atlanta, Inc. v. Coweta Cty.*, 708 F.3d 1243, 1252 (11th Cir. 2013). But we need not accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court evaluating the sufficiency of a complaint should therefore (1) eliminate all allegations that are merely legal conclusions and (2) assume the veracity of the well-pleaded factual allegations and determine whether they "plausibly suggest an entitlement to relief." *Id.* at 680-81. When conducting this analysis, although a court should liberally construe *pro se* pleadings, it is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)) (internal quotations omitted).

With these principles in mind, we address Searcy's equal-protection and due-process claims in turn. To prevail on an equal-protection claim, a plaintiff must demonstrate that (1) he is similarly situated with other persons who receive

more favorable treatment, and (2) the defendants acted with discriminatory intent based on some constitutionally protected interest, such as race. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (per curiam) (citing *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)).

While an equal protection claim may exist if Searcy was terminated for an impermissible reason, Searcy has failed to allege such an impermissible reason in his second amended complaint. Although Searcy asserted that the defendants reassigned him due to his race, he provided no additional information about the other inmates who allegedly returned to their original work assignments. Most importantly, Searcy did not include any information about their race or qualifications. For this reason, Searcy failed to allege how he was similarly situated to the other inmates who allegedly received more favorable treatment. Searcy also failed to make any plausible factual allegations that the defendants' refusal to return Searcy to his "cold storage" assignment was based on his race. Under these circumstances, we find that the district court did not err when it dismissed Searcy's equal-protection claim for failure to state a claim.

We now turn to Searcy's due-process claim. The Fourteenth Amendment's Due Process Clause provides two types of protection: substantive due process and procedural due process. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc). The substantive-due-process guarantee protects rights that are

8

fundamental, that is, rights that are "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). As to a procedural-due-process violation under § 1983, a plaintiff has the burden of alleging that, as a result of some state action, the plaintiff was deprived of a constitutionally protected interest, and the state did not afford the plaintiff adequate process to challenge the deprivation. *Pate*, 20 F.3d at 1557.

It appears that Searcy attempts to assert a substantive-due-process claim based on his work reassignment following the altercation with other inmates. A prison inmate, however, does not have a constitutionally protected property interest in a particular prison job assignment and does not have an expectation of keeping a certain job. *See Adams v. James*, 784 F.2d 1077, 1079-80 (11th Cir. 1986). Inmate Job assignments and reassignments are "the prerogative of prison administrators" so, a routine reassignment of an inmate to a different job does not support a federal claim. *Id.* at 1079. We have indicated, however, that the "lack of entitlement to a particular privilege does not free prison administrators to grant or withhold the privilege for impermissible reasons." *Id.* at 1080. The doctrine of "unconstitutional conditions" prohibits terminating an inmate's benefits "if the termination is based on motivations that other constitutional provisions proscribe." *Id.*

The district court correctly dismissed Searcy's claim for failure to state a claim because Searcy does not have a constitutionally protected interest in retaining his job in "cold storage." Searcy also failed to set forth any factual allegations beyond mere labels and conclusions that would entitle him to relief. Consequently, he has not alleged a substantive-due-process violation. Finally, Searcy did not allege that the defendants terminated his work assignment in "cold storage" for any other constitutionally-protected reason.[2]

Finally, it does not appear that Searcy sought to bring a procedural-due-process claim below, and we fail to see how the second amended complaint adequately sets forth such a claim. The allegations of the second amended complaint, along with the attachments thereto, demonstrate that Searcy was afforded the opportunity to seek an administrative remedy. Searcy detailed his attempts to seek relief through the FDOC's administrative-grievance procedure, including appeals of administrative decisions. Accordingly, he was not deprived of his procedural-due-process rights.

Furthermore, to the extent Searcy claims that the district court infringed on his procedural-due-process rights, we disagree. As noted above, he district court complied with its obligation to allow Searcy to amend his complaint prior to dismissing the case, as a magistrate judge ordered him to do so twice and expressly

---

[2] For instance, Searcy did not allege that he was reassigned for exercising his First Amendment right to free speech. *See generally*, *Adams,* 784 F.2d at 1080-81.

10

pointed out the deficiencies in his claims in the orders to amend. The district court also dismissed Searcy's complaint without prejudice, affording Searcy an additional opportunity to amend and refile his complaint.

For the reasons discussed above, the district court properly dismissed Searcy's action. Accordingly, we affirm.

**AFFIRMED.**