[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13485

Non-Argument Calendar

_____

RONALD JOE HALL,

Plaintiff-Appellant,

*versus*

WARDEN,
JEFFERSON S. DUNN,
Prison Commissioner and his
cabinet personnel,
SHERRY PRICE,
Assistant Prison Comm.,
CELESTE HUNTER,
Pro. Admin Wexford Health,
JOHN CROW, et al.,

2                    Opinion of the Court                    23-13485

Defendants-Appellees,

KAY IVEY,
AL Gov. and her cabinet personnel , et al.,

Defendant.

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00686-RAH-CSC

————————————

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ronald Hall, a state prisoner proceeding pro se, appeals the District Court's grant of summary judgment for various prison officials and a healthcare administrator on his claims brought under 42 U.S.C. § 1983. Hall alleged that the defendants were deliberately indifferent to the health risks posed by COVID-19 and denied him equal protection under the Fourteenth Amendment. He also argues that he was entitled to a default judgment and a jury trial. After careful review, we affirm.

## I.

Hall is incarcerated at Ventress Correctional Facility in Alabama. In his amended complaint, he named as defendants: Ventress Warden Roesha Butler, former Alabama Department of Corrections (ADOC) Commissioner Jefferson Dunn, Assistant Commissioner Cheryl Price, Easterling Correctional Facility Warden John Crow, and Wexford Health Administrator Celeste Hunter. Hall alleged that his Eighth and Fourteenth Amendment rights were violated when inmates who tested positive for COVID-19 at Easterling were transferred to Ventress, which had not yet experienced an outbreak. He claimed that the transfer created an unsafe environment, denied him adequate medical and mental health care, and caused him psychological stress.

In response to the complaint, the defendants submitted special reports detailing the substantial mitigation efforts undertaken by ADOC in accordance with guidance from the United States Centers for Disease Control and Prevention. The District Court treated the special reports as motions for summary judgment, granted summary judgment for all defendants, and dismissed the case with prejudice.

## II.

Because Hall proceeds pro se, we liberally construe his filings. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). But issues not briefed on appeal are abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam)

(citations omitted); *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

Although Hall raised an Eighth Amendment claim based on deliberate indifference to COVID-19 in the District Court, he did not brief that issue on appeal. He has therefore abandoned it.[1] *See Timson*, 518 F.3d at 874.

Hall's Fourteenth Amendment claim also fails. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotation marks omitted) (quoting *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986) (per curiam)). Hall alleged neither a comparator nor a protected class.

Hall's procedural arguments are unavailing. He claims that Federal Rule of Civil Procedure 55 mandated a default judgment against the defendants here because they did not respond to all of his assertions. But his reliance on this rule is misplaced. The defendants timely responded to his complaint and filed special reports,

---

[1] In his brief, Hall describes "high heat at least 21 to 22 hours a day, 7 days a week" and says "this alone is very un-safe and cruel and unusual punishment for any human." Hall's argument on appeal that the heat alone is cruel and unusual is a new theory that he never raised before the District Court. We therefore do not address it. *See, e.g.*, *Charles v. Burton*, 169 F.3d 1322, 1327 n.8 (11th Cir. 1999) (citing *Narey v. Dean*, 32 F.3d 1521, 1526–27 (11th Cir. 1994)).

later construed as motions for summary judgment. Because they did not "fail to plead or otherwise defend," default judgment was unwarranted. Fed. R. Civ. P. 55(a).

Nor did the District Court's grant of summary judgment violate Hall's Seventh Amendment right to a jury trial. A court may resolve cases at summary judgment where no genuine issue of material fact exists. *See Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 919–20 (11th Cir. 2018); Fed. R. Civ. P. 56.

Finally, Hall's passing reference to the First Amendment, unaccompanied by legal argument or citation, is insufficient to preserve any such claim. *See Sapuppo*, 739 F.3d at 680–81.[2]

**AFFIRMED.**

---

[2] Hall also requests for the first time on appeal that we award him $100,000,000 in punitive damages, order the state to install air conditioning in all correctional facilities, and order the state to separate gang members in jail. Because Hall did not raise these requests in his complaint, we do not address them.