[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2004
THOMAS  K. KAHN
CLERK

_____

No. 03-12384
_____

D. C. Docket No. 02-02656 CV-WBH-1

JOHNNY PEOPLES,

Petitioner-Appellant,

versus

BRUCE CHATMAN, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(December 20, 2004)**

Before ANDERSON and WILSON, Circuit Judges, and OWENS*, District Judge.

PER CURIAM:

Johnny Peoples appeals the district court's dismissal of his petition for writ

_____
*  Honorable Wilbur D. Owens, Jr., United States District Judge for the Middle District of
Georgia, sitting by designation.

of habeas corpus, brought pursuant to 28 U.S.C. § 2241. We issued a Certificate of Appealability ("COA") on two issues: 1) Whether the district court erred in treating appellant's petition as seeking relief under 28 U.S.C. § 2241? and 2) Whether the district court erred in dismissing appellant's petition, treated as one filed pursuant to 28 U.S.C. § 2241, as time-barred? We affirm.

**DISCUSSION**

I. Was the petition brought under § 2254 or § 2241?

Peoples filed his petition for habeas corpus after his parole was revoked by the Georgia Sate Board of Pardons and Paroles. In his petition, Peoples challenged the waiver of parole revocation hearing that he executed in 1998. He brought the petition pursuant to § 2241, but the Magistrate Judge, in his Report and Recommendation, treated the petition as a § 2254 petition. The district court adopted the Magistrate Judge's Report and Recommendation with clarifications not relevant to this appeal.

In the time since the district court decided this case, this Court published an opinion that governs this case. In Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003), this Court held that there was but one habeas corpus remedy for those imprisoned pursuant to a State court judgment, and that it was governed by both § 2241 and § 2254; for those imprisoned pursuant to a State court judgment, we held

2

that the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions. *Id*. at 1054 n.5. Therefore, Peoples' petition was properly brought under § 2241 but it was governed by and subject to the rules and restrictions found in § 2254. See also Thomas v. Crosby, 371 F.3d 782 (11th Cir. 2004) (reiterating the holding in Medberry and applying it to a petitioner in custody pursuant to a state court judgment who was challenging a decision of the parole board).

II. Is Peoples' petition time-barred?

Peoples argues that the one-year period of limitation, found in 28 U.S.C. § 2244(d), for bringing a petition does not apply to a petition for writ of habeas corpus brought under § 2241; Peoples does not argue that his petition would be timely if § 2244 did apply.[1] However, as Medberry instructs, there is but one means of bringing a post-conviction petition for those imprisoned under a State court judgment, and that is the writ of habeas corpus which is governed by both § 2241 and § 2254. Also, this court has explicitly held that the § 2244 statute of limitations applies to petitions governed by § 2254. Tinker v. Moore, 255 F.3d 1331, 1334 n.1 (11th Cir. 2001) (citing Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000), and Webster v. Moore, 199 F.3d 1256, 1257 n.3 (11th Cir. 2000)).

---

[1] His concession in this regard is wise because more than 365 untolled days had elapsed.

3

Because there is a single habeas corpus remedy for those imprisoned pursuant to a State court judgment (authorized by § 2241 but subject to all of the restrictions of § 2254), see Medberry, 351 F.3d 1049, and because one of those restrictions is the one-year statute of limitations set out in § 2244(d), see Tinker, 255 F.3d at 1334 n.1, it follows that the one-year statute of limitations applies to Peoples' petition. Therefore, we conclude that Peoples' petition was time-barred when he brought it.

**AFFIRMED.**[2]

---

[2] Peoples' and the State's request that this appeal be removed from the oral argument calendar is granted.