[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10998
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-02029-CV-T-30-MSS

HERMAN CHAMBERS, JR.,

                                                              Petitioner-Appellant,

versus

FLORIDA PAROLE COMMISSION,

                                                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 7, 2007)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Herman Chambers, a Florida prisoner proceeding pro se, is

serving the unexpired portions of his sentences for robbery and extortion after his parole was revoked. After unsuccessfully seeking administrative review and collateral relief against the Parole Commission in state court, Chambers petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was denied as untimely. Chambers then filed a Fed. R. Civ. P. 60(b) motion for reconsideration, which was also denied. This appeal of the Rule 60 motion followed. This Court granted a certificate of appealability on the limited issue of "whether application of 28 U.S.C. § 2244(d)(1)(A) to appellant's challenge to his parole board revocation constituted a mistake of law such that the district court abused its discretion in denying appellant's Fed. R. Civ. P. 60(b) motion." We affirm.

Our review of a Rule 60(b) motion is for abuse of discretion and considers only the motion for relief from judgment, not the underlying judgment itself. Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993). Thus, to prevail on appeal Chambers must show "a justification so compelling that the court was required to vacate its order," not merely that it could have done so. Id. Relief is available under Rule 60(b)(1) for mistakes of law or its application, Park v. U.S. Life and Credit Corp., 677 F.2d 838, 839-40 (11th Cir. 1982), but typically the district court is not required to grant relief unless the legal error is obvious.

2

<u>Fackelman v. Bell</u>, 564 F.2d 734, 736 (5th Cir. 1977).[1]  Properly framed, then, our inquiry is whether the district court's conclusion that § 2244(d)(1) barred Chambers' habeas petition was such an obvious error of law that the district court was required to reopen its final judgment.  It manifestly was not.

First, we note that the § 2244(d)(1) statute of limitations applies to § 2254 petitions that challenge parole revocations.  <u>Peoples v. Chatman</u>, 393 F.3d 1352, 1353 (11th Cir. 2004) (§ 2244 applies to collateral attack on parole revocation entered after allegedly deficient waiver of revocation hearing).  Thus, Chambers' limitations period expired one year from the latest of four events, two of which are pertinent here: (i) the date on which direct review of the revocation ended, § 2244(d)(1)(A), or (ii) the date on which the factual predicate of the habeas claim could have been discovered through due diligence, § 2244(d)(1)(D).  The district court's order dismissing the petition as time-barred did not specify which provision triggered the start of Chambers' limitations period, and there is no Circuit law on point.  The Certificate of Appealability seemed to believe that the district court applied § 2244(d)(1)(A); other Circuits have held in similar circumstances that § 2244(d)(1)(D) provides the appropriate triggering event.  <u>See, e.g., Dulworth v. Evans</u>, 442 F.3d 1265, 1267-68 (10th Cir. 2006) (citing cases).

---

[1] Pursuant to <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206 (11th Cir. 1981) (<u>en banc</u>), this Fifth Circuit decision is binding precedent.

We conclude that regardless of whether § 2244(d)(1)(D) or § 2244(d)(1)(A) governs, Chambers' limitations period began running, at the latest, September 11, 2003. Chambers does not contest the district judge's findings (i) that Chambers was present for his parole revocation hearings, (ii) that the order revoking his parole entered September 10, 2003, and (iii) that Chambers discussed his release date with a Florida Department of Corrections officer the next day, September 11, 2003, and that this release date reflected the parole revocation. Chambers was clearly on notice of the revocation by September 11, 2003, and thus, the factual basis for his habeas claim was known to him or could have been known through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Moreover, even assuming *arguendo* that the parole revocation proceedings are within the scope of § 2244(d)(1)(A), those proceedings clearly became final with the entry of the revocation order on September 10, and not with the subsequent denial of Chambers' attempts to obtain "rehearing" before the Commission. In this regard, Chambers attempted to challenge the revocation of his parole via Fla. Admin. Code § 21-21.0051(3). That provision permits a member of the Parole Commission to place a matter before the full Parole Commission for a vote; it does not permit a parolee to do so, as Chambers sought to do. Thus, Chambers' attempt to obtain rehearing before the full Commission is simply not a form of "direct review"

4

within the meaning of § 2244(d)(1)(A), such that Chambers' limitations period did not begin until the matter was resolved. Accordingly, Chambers' limitations period began running September 11, 2003, at the latest.

Importantly, Chambers' efforts to obtain review of his parole revocation by the full Commission also do not entitle him to equitable tolling, which is available only when a petitioner shows that his untimely filing is the result of extraordinary circumstances beyond his control and unavoidable even with diligence. See, e.g., Spottsville v. Terry, 476 F.3d 1241, 1246 (11th Cir. 2007). Nothing prevented Chambers from filing a timely § 2254 petition rather than pursuing "administrative remedies" that were clearly unavailable under state law. We also hold that 28 U.S.C. § 2244(d)(2), which tolls the limitations period while a "properly-filed application for State post-conviction or other collateral review" is pending, does not apply to Chambers' efforts to obtain review of his parole revocation by the full Commission. Chambers' motion in this regard did not seek post-conviction or collateral review within the meaning of the statute.

In sum, the § 2244(d) limitations period began running September 10 or 11, 2003, and Chambers' motion for review of his parole revocation by the full Commission was not a tolling event. Thus, the limitations period expired one year thereafter – before Chambers even filed his state habeas petition on October 13,

5

2004. Therefore, the subsequent federal habeas petition filed on February 6, 2006 was untimely. The district court did not err in concluding that Chambers' petition was untimely, let alone abuse its discretion by refusing post-judgment relief.

AFFIRMED.