[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2008
THOMAS K. KAHN
CLERK

No. 06-16060

D.C. Docket No. 06-00052-CV- CAR-5

ROGER C. DAY, JR.,

Petitioner-Appellant,

versus

HILTON HALL, WARDEN,
MILTON BUDDY NIX, CHAIRMAN,
GEORGIA BOARD OF PARDONS AND PAROLES,

Respondents-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

**(May 29, 2008)**

Before BARKETT and FAY, Circuit Judges, and ANTOON,* District Judge.

_____

* Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

PER CURIAM:

Roger C. Day, Jr. ("Day") appeals the judgment of the district court dismissing his petition and contends that this petition for habeas corpus was timely filed pursuant to 28 U.S.C. § 2244. Treating Day's early petition for judicial review as a petition for a writ of mandamus, under the rule of liberal construction for pro se pleadings, and using a different starting date than used by the district court, we find the instant federal habeas petition was timely filed. The dismissal by the district court is reversed.

**Factual Background**

On May 5, 1990, Day was convicted of two counts of rape, four counts of burglary, and one count of aggravated assault. He was sentenced to two consecutive life sentences for the rape convictions and 20 consecutive years for the burglary and aggravated assault convictions. On April 27, 1996, Day became eligible for parole consideration. The Georgia Board of Pardons and Paroles ("Parole Board") denied parole due to the circumstances and nature of the offenses. Day was informed of such denial on August 19, 1996. In March 2004, Day was reconsidered for parole, but was denied on April 1, 2004 for the same reasons as before. On April 18, 2004, Day filed an administrative appeal with the Parole Board and a petition for judicial review of the Parole Board's decisions in

the Fulton County Superior Court. The petition for judicial review was denied on May 20, 2004. On February 17, 2005, Day filed a petition for habeas corpus in the Middle District of Georgia. This petition was dismissed without prejudice on June 24, 2005 for failure to exhaust state remedies. On May 31, 2005, Day filed a petition for a writ of mandamus in state court. This was denied on February 3, 2006. On February 13, 2006, Day filed the instant habeas corpus petition, which was dismissed by the district court as untimely. Day argues that the petition was timely. We agree and reverse the district court's judgment.

**Standard of Review**

We review *de novo* a district court's dismissal of a habeas petition as time-barred under 28 U.S.C. § 2244(d). *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitation period for filing a state prisoner's habeas corpus petition, running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D) (West 2007), but stops the clock while the petitioner's "properly filed application for State post-conviction [relief] . . . is pending." 28

3

U.S.C. § 2244 (d)(2). We reject the Government's argument that the starting date is August 19, 1996 (the date on which Day was first denied parole). The district court erred in starting the counting process with that date. We start with April 1, 2004, the date the Parole Board denied the second consideration for parole.[1]

Day's first actions following this second denial of parole were to file an administrative appeal and a petition for judicial review in the Fulton County Superior Court on April 18, 2004. Thus, 17 days expired from April 1, 2004 to April 18, 2004. The parties have not advised us as to what happened to the administrative appeal. With regards to the petition for judicial review, pursuant to our court precedent of liberally construing pro se pleadings, we will treat it as a petition for a writ of mandamus. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

---

[1] Day challenges this second ruling because the Parole Board based the decisions to deny parole on the same reasoning they used for the first denial of parole on August 19, 1996, that the denial was due to the nature and circumstances of his prior convictions. There is no way Day could have known that the Parole Board would make the same decision on the same grounds without even considering the events that had taken place in the interim, and this is his contention. These events include, but are not limited to: attaining a diploma in Civil Litigation Specialty from The School of Paralegal Studies in Atlanta, Georgia; serving as a Paralegal for BDL Paralegal Resources where he started paralegal services by assisting pro se litigants in post-conviction remedies; and serving as Secretary and Assistant CFO for We Who Strive Inc., a non-profit organization, where he maintained records and minutes for all meetings and assisted in managing and organizing financial, tax, and business records.

4

construed."). The petition for judicial review satisfies the elements of a petition for a writ of mandamus under Georgia law: (1) the plaintiff must have a clear legal right to the relief sought; (2) the defendant must have a specific duty to act; and (3) there can be no other adequate legal remedy available. *See Hatcher v. Hancock County Comm'rs of Roads & Revenues*, 236 S.E.2d 577, 579 (Ga. 1977). Since the petition for judicial review meets the requirements of a petition for a writ of mandamus the title placed on it by Day is not controlling.

Day had a clear right to seek a parole determination based on reasons other than the "circumstances and nature of the offenses" for which he was convicted. He alleges that the Parole Board has not adopted, promulgated, and enforced an eligibility requirement for parole as mandated by Georgia's parole legislation[2] and thus has effectively put him in the same category as inmates with sentences of life without parole. Thus, Day alleges that the Parole Board has violated his right not to have excessive punishment imposed upon him. Second, Day alleges that the Parole Board had a specific duty to act because it is required to consider granting parole to Day if he has satisfied or met the eligibility requirements that the Parole Board should have adopted and promulgated into its rules and regulations. Finally, a petition for writ of mandamus is the proper vehicle for challenging

---

[2] *See* Ga. Code Ann. § 42-9.

parole decisions in Georgia. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("Without an administrative appellate procedure for [Parole] Board decisions, the appropriate method [under Georgia law] by which a prisoner can attack a [Parole] Board decision is to file a petition for a writ of mandamus against the Board."); *Johnson v. Griffin*, 271 Ga. 663, 522 S.E.2d 657 (Ga. 1999). That petition was denied on May 20, 2004. Pursuant to Ga. Code Ann. § 5-6-38, Day had 30 days to appeal an adverse ruling. Thus, Day is entitled to 30 days credit from May 20, 2004 to June 19, 2004. *See Wade v. Battle*, 379 F.3d 1254 (11th Cir. 2004).

On February 17, 2005, Day filed his first petition for habeas corpus in federal court. This petition was dismissed without prejudice on June 24, 2005 for failure to exhaust state remedies. Pursuant to *Duncan v. Walker*, 533 U.S. 167 (2001), the time this petition was pending does not toll the limitations period of the AEDPA.[3]

From June 19, 2004 to May 31, 2005, 345 days expired. On May 31, 2005, Day alleges that he gave his petition for a writ of mandamus to prison officials. It was docketed on June 20, 2005. Under the mailbox rule, however, a prisoner's

---

[3] In *Duncan,* the Court held that an "application for federal habeas corpus review is not an application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2)." *Id.* at 181-82 (internal quotations omitted).

pleading is considered filed on the date the prisoner delivers such to prison authorities for filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Thus we find that May 31 was the date the petition was filed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("[a]bsent evidence to the contrary in the form of prison logs or other records, we will assume that [such a] motion was delivered to prison authorities the day . . . signed"). The state court denied this petition for a writ of mandamus on February 3, 2006.[4] On February 13, 2006, Day filed the instant petition. Thus, the total number of days that must be counted against Day from April 1, 2004 (the date the parole decision at issue was made) to February 13, 2006 (the filing date of the instant petition) equals 362. This is within the one-year period imposed by the AEDPA.

## Conclusion

For the foregoing reasons, we **REVERSE** the judgment of the district court dismissing the petition as untimely.[5]

---

[4] Day had another 30 days to appeal the adverse ruling, but no days expired because he filed the instant federal habeas petition within 10 days of the denial of the writ of mandamus. *See* Ga. Code Ann. § 5-6-38.

[5] Although we find the petition timely, we make no comment concerning its merits.