[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-13970
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-80278-CV-DMM

EDWARD FREDERICK,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,
Secretary, Florida Department of Corrections,
BILL MCCOLLUM,
Attorney General of the State of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 18, 2008)

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Edward Frederick, a state prisoner serving life sentences for sexually molesting his stepdaughter, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely under 28 U.S.C. § 2244(d)(1). For the reasons set forth below, we remand.

**I.**

On March 28, 2006, Frederick submitted a counseled § 2254 petition for writ of habeas corpus based, inter alia, on newly discovered evidence. Specifically, Frederick alleged that his son and the victim's brother, Eddie Frederick, submitted an affidavit on August 28, 2003, to the effect that he perjured himself at Frederick's trial at the prosecutor's bidding. In the affidavit, Eddie Frederick stated that, before the trial, the prosecutor told him to "support whatever [his] sister said happened." Accordingly, Eddie Frederick falsely testified that he heard his mother tell Frederick, "If I find out you did anything more, I'm leaving you." Eddie Frederick also falsely testified, when asked about his sister preparing a letter recanting her allegations but later claiming that the allegations were true, that his sister had not told him whether her recantation letter was the "real truth."

The state responded that Frederick's § 2254 petition was time-barred under § 2244(d)(1)(A). Frederick replied that his § 2254 petition was timely under § 2244(d)(1)(D), as it was based on newly discovered evidence. The state sur-

2

replied that Frederick could have discovered the evidence in question before his trial had he exercised due diligence and that Eddie Frederick's false testimony did not cover "vital facts," such that § 2244(d)(1)(D) did not apply.

A magistrate judge recommended denying Frederick's § 2254 motion. The magistrate reasoned that Frederick had not established that the information contained in Eddie Frederick's affidavit would change the outcome of the trial. Therefore, because Eddie Frederick's affidavit did not contain "vitally crucial vindicating information," it did not support federal habeas relief and did not constitute newly discovered evidence for the purposes of § 2244(d)(1)(D). Accordingly, § 2244(d)(1)(A) controlled, and Frederick's § 2254 petition was untimely. Over Frederick's objections, the district court adopted and approved the magistrate's recommendation and reasoning.

The district court denied Frederick's motion for a certificate of appealability ("COURT OF APPEALS"). We subsequently granted a COA on the limited issue of "[w]hether the district court erred in dismissing the petition as time-barred under 28 U.S.C. § 2244(d)(1)(D) because it found that the newly-discovered evidence could not form the basis of federal habeas relief."

**II.**

3

We review de novo the district court's decision that a habeas petition is time-barred.  Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000).  The AEDPA imposes a one-year statute of limitations for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The one-year time for filing begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Neither we nor the Supreme Court have addressed § 2244(d)(1)(D) – the triggering provision that depends on presenting newly discovered evidence – outside the context of challenges to parole board decisions.  See e.g., Brown v. Barrow, 512 F.3d 1304 (11th Cir. 2008).  Indeed, our consideration of the newly-discovered-evidence provision has been limited.  In Aron v. United States, 219 F.3d 708, 712 (11th Cir. 2002), we considered the similar provision of 28 U.S.C. § 2255(f)(4) and held that the due diligence requirement of that statutory section

4

"does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." We also have held that the following facts constituted "factual predicates" for the purposes of a newly-discovered-evidence claim: (1) receipt of a copy of an appellate brief and discovery of an attorney's failure to file an appeal, id. at 711, (2) vacatur of a prior state conviction, Rivers v. United States, 416 F.3d 1319, 1322 (11th Cir. 2005) (§ 2255 context), and (3) the date of a state parole board's decision, see e.g., Day v. Hall, 528 F.3d 1315, 1317 (11th Cir. 2008). We never have held, however, that the inquiry also involves determining whether the newly discovered facts support federal habeas relief on their merits.[1]

### III.

As an initial matter, Frederick's appellate arguments regarding the state court's denial of an evidentiary hearing are beyond the scope of the COA, and we will not consider these matters. See Murray v. United States, 145 F.3d 1249,

---

[1] The state argues on appeal that the Third Circuit, in McAleese v. Brennan, 483 F.3d 206, 214 (3rd Cir. 2007), required that the claimed newly discovered evidence support federal habeas relief. Indeed, the Third Circuit referred in that case to "vital facts," but did so only in holding that the triggering date is that date on which the state prisoner could have discovered those facts that are vital to his habeas claim, rather than the date on which he could have discovered some ancillary fact merely suggesting a possible claim. McAleese, 483 F.3d at 214. Thus, the holding in McAleese does not stand for the proposition that the factual predicate must contain evidence warranting habeas relief before its discovery can trigger § 2244(d)(1)(D). See id.

5

1250-51 (11th Cir. 1998) (holding that appellate review is limited to the issues specified in the COA). Also, Frederick has abandoned any argument that the district court erred in not considering other affidavits mentioned in his § 2254 petition, and we will not consider this matter. See Davis v. Jones, 506 F.3d 1325, 1328 n.4 (11th Cir. 2007) (stating that issues not raised in a party's initial brief on appeal are deemed abandoned).

Regarding the issue included in the COA and discussed on appeal, the district court erred in denying Frederick's § 2254 petition. See Hepburn, 215 F.3d at 1209. The district court denied the petition as untimely based on its finding that § 2244(d)(1)(D) was inapplicable because Frederick's claim did not support federal habeas relief, given that the facts contained in Eddie Frederick's affidavit would not alter the outcome of Frederick's trial. Whether or not the state prisoner's claimed newly discovered evidence is sufficient to merit federal habeas relief is not, however, the standard for determining the appropriate triggering date. See 28 U.S.C. § 2244(d)(1)(D). Rather, the appropriate standard is whether or not the state prisoner exercised due diligence in discovering the factual predicate for his claim. See Aron, 291 F.3d at 711. The district court did not address this matter. Accordingly, because the district court applied the incorrect standard, its conclusion was erroneous, and we remand the case to the district court for proper

6

application of § 2244(d)(1)(D).[2]

REVERSED and REMANDED.

---

[2] We note that, per our calculations, Frederick's § 2554 petition would be timely if August 28, 2003, was the appropriate triggering date.