[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15955
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-20828-JAL

STEVEN A. MCGEE,

Petitioner-Appellant,

versus

WARDEN, FDC Miami,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 20, 2012)

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Steven A. McGee, a federal prisoner proceeding pro se, filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus.  Based on a report and recommendation by a magistrate judge, the district court dismissed McGee's petition on the basis that he had failed to exhaust his administrative remedies, and even if he had, his claims failed on the merits.  On appeal, McGee contends that: (1) the district court violated his due process rights by not considering his timely filed objections to that magistrate judge's report; and (2) his § 2241 petition should not have been dismissed for failure to exhaust administrative remedies because he qualified for a "futility exception" to that rule.

I.

On September 8, 2011, the magistrate judge issued a report recommending dismissal of McGee's § 2241 petition and giving the parties 14 days after receiving the report to file any objections.  On September 26, 14 days later, he timely delivered his objections to prison authorities for filing.  See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) ("Under the mailbox rule . . . a prisoner's pleading is considered filed on the date the prisoner delivers such to prison authorities for filing.").  On September 27, the district court adopted the magistrate's report, finding that no objections had been filed.  On September 28, McGee's objections to the magistrate's report were noted on the court's docket.

2

McGee then filed a motion to alter or amend the district court's judgment under Federal Rule of Civil Procedure 59(e).  However, the district court, "[h]aving considered the Motions and the record" and "[u]pon review[ing] McGee's Motion and his Objections," denied McGee's Rule 59(e) motion.

## II.

"We review de novo the district court's denial of habeas relief under 28 U.S.C. § 2241."  Bowers v. Keller, 651 F.3d 1277, 1291 (11th Cir. 2011).  And we review only for clear error the district court's factual findings.  Id.  Although McGee contends the district court violated his due process rights by failing to consider his timely filed objections to the magistrate judge's report, the district court's order denying McGee's Rule 59(e) motion subsequently considered and addressed the merits of those objections.  Therefore, the district court did not deny McGee any rights to due process.  See United States v. Williamson, 339 F.3d 1295, 1305 n.18 (11th Cir. 2003).

## III.

McGee also contends the district court erred by dismissing his § 2241 petition because he failed to exhaust his administrative remedies.  Relying on Winck v. England, 327 F.3d 1296 (11th Cir. 2003), he argues that he was not required to do so "where it can be demonstrated that it is futile to exhaust

3

administrative remedies before proceeding to Federal court." Winck held, however, that the "futility exception" applied to remedies sought under 28 U.S.C. § 2254, not those sought under § 2241 claims as McGee's. Compare id. at 1299, 1304 ("We have also expressly concluded that exhaustion is not a jurisdictional bar to habeas relief when seeking release from state custody pursuant to 28 U.S.C. § 2254. . . . Generally, exhaustion is not required [under § 2254] where . . . an administrative appeal would be futile." (quotation marks and emphasis omitted)), with id. at 1300 n.1. ("By contrast, exhaustion of administrative remedies is jurisdictional, when a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241 for release from a federal prison." (alteration and quotation marks omitted)); see also Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements"); Cf. Booth v. Churner, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 1825 n.6 (2001) ("That Congress has mandated exhaustion in either case defeats the argument of Booth and supporting amici that this reading of [42 U.S.C.] § 1997e is at odds with traditional doctrines of administrative exhaustion, under which a litigant . . . need not exhaust where doing so would otherwise be futile. Without getting into the force of this claim generally, we stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."

4

(citations and quotation marks omitted)).  McGee has not cited any case establishing that there is a futility exception to the requirement to exhaust administrative remedies under § 2241 petition.  Because McGee did not exhaust his administrative remedies, the district court did not have jurisdiction to review his § 2241 petition.[1]

**AFFIRMED.**

---

[1] For the foregoing reasons, we also deny McGee's motion for oral argument.