[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12896
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01790-WSD


CLEVELAND HANKERSON,

Petitioner-Appellant,

versus

WARDEN,
UNITED STATES PENITENTIARY,
Atlanta, Georgia,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 2, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Cleveland Hankerson, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition as successive under 28 U.S.C. § 2244(a).  In his instant petition, Hankerson again relied on *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), to argue that he should not have had his sentence enhanced as a career offender under U.S.S.G. § 4B1.1 because his prior conviction for aggravated battery did not constitute a violent felony.  As background, in dismissing an earlier § 2241 habeas petition, the district court had adjudicated on the merits Hankerson's claim that, under *Begay*, his prior conviction for driving under the influence ("DUI") did not constitute a violent felony for purposes of the career-offender enhancement under § 4B1.1.  In its order dismissing that earlier petition, the district court had reasoned that (1) the petition was untimely because Hankerson had filed it more than a year after the Supreme Court had decided *Begay*; (2) he could not satisfy the requirement of *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), of demonstrating that he was convicted of a nonexistent offense; (3) he had not received a sentence in excess of the statutory maximum, such that, under *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), the "savings clause" of 28 U.S.C. § 2255(e) did not apply to his sentencing claim; and (4) his claim of "actual innocence" of the career-offender enhancement failed because he

2

did not allege that he was factually innocent of his offenses of conviction, and the actual-innocence exception did not apply to claims of guidelines error.

On appeal, Hankerson argues the merits of his claim that he is "actually innocent" of his career-offender enhancement because his prior conviction for aggravated battery did not constitute a violent felony.  Nevertheless, he provides no argument in response to the district court's dismissal of his § 2241 petition as successive under § 2244(a).

Upon a thorough review of the record, and after consideration of Hankerson's brief, we affirm.

We review *de novo* the availability of habeas relief under 28 U.S.C. § 2241. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013). *Pro se* pleadings are liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under § 2241, a district court has the power to grant a writ of habeas corpus to a prisoner in custody in that district.  28 U.S.C. § 2241(a), (d).  Under § 2244(a),

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).  In *Antonelli v. Warden*, we held that a district court erred in dismissing a petitioner's second § 2241 petition for the petitioner's failure to

3

obtain our permission to file a second or successive petition for habeas corpus relief, as § 2241 petitions are not subject to our "gatekeeping" function as § 2255 motions are.  542 F.3d 1348, 1350, 1352 (11th Cir. 2008).  Nevertheless, we affirmed the district court's alternative dismissal of the petition under § 2244(a) upon its finding that the claims in the second petition were "successive."  *Id.* at 1352.  We concluded that, because the claims raised in the second § 2241 petition previously had been adjudicated on the merits in the first § 2241 petition, the second § 2241 petition was successive, and the district court properly dismissed it under § 2244(a).  *Id.*

Under the Sentencing Guidelines,

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

4

U.S.S.G. § 4B1.2(a). We have explained that this definition of a "crime of violence" is "substantially the same" as the definition of a "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). *United States v. Chitwood*, 676 F.3d 971, 975 n.2 (11th Cir. 2012).

In *Begay*, the Supreme Court considered whether a New Mexico DUI conviction constituted a "violent felony" under the ACCA. 553 U.S. at 139-40, 128 S.Ct. at 1583-84. The Supreme Court interpreted the enumerated list of burglary, arson, extortion, and the use of explosives as having a limiting effect on the residual clause, "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 141-43, 128 S.Ct. at 1584-85. The Court then concluded that the residual clause did not cover all crimes that involved a "serious potential risk of physical injury to another," but only those crimes that were "roughly similar, in kind as well as in degree of risk posed" to the enumerated list of crimes. *Id.* at 142, 128 S.Ct. at 1584-85 (citation omitted). The Court also noted that all of the ACCA's enumerated crimes "typically involve purposeful, violent, and aggressive conduct." *Id.* at 144-45, 128 S.Ct. at 1586 (quotation marks omitted). By contrast, New Mexico's DUI statute did not involve such conduct, and, thus, did not qualify as a "violent felony" under § 924(e)(2)(B)(ii). *Id.* at 145-48, 128 S.Ct. at 1586-88.

A one-year statute of limitations applies to the filing of habeas corpus petitions and motions to vacate. 28 U.S.C. §§ 2244(d)(1), 2255(f). The limitation period runs from the date on which (1) the judgment of conviction became final; (2) an unconstitutional impediment to filing was removed; (3) a new retroactively applicable right was initially recognized by the Supreme Court; or (4) facts supporting new claims could have been discovered through the exercise of due diligence, whichever date is latest. 28 U.S.C. §§ 2244(d)(1), 2255(f). The one-year statute of limitations applies to § 2241 habeas petitions. *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) (holding that a state prisoner's § 2241 habeas petition was subject to the one-year statute of limitations in § 2244(d)(1)); *Medberry v. Crosby*, 351 F.3d 1049, 1058-62 (11th Cir. 2003) (holding that there was a single habeas corpus remedy for state prisoners governed by both § 2241 and 28 U.S.C. § 2254, and that, thus, the habeas corpus remedy authorized by § 2241 was subject to the restrictions of § 2254).

The district court's power to grant a writ of habeas corpus under § 2241 is limited by the "savings clause" of § 2255(e), which states,

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [a § 2255 motion], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

6

28 U.S.C. § 2255(e).  When a prisoner previously has filed a § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b), 2255(h).  Such restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. *Gilbert*, 640 F.3d at 1307-08.  In *Wofford*, we stated that a petitioner meets the requirements of the savings clause when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion.  177 F.3d at 1244.

In *Gilbert*, we held that the savings clause of § 2255(e) "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."  640 F.3d at 1323.  We initially noted that the text of the savings clause does not indicate that it authorizes the filing of a § 2241 petition to remedy a guidelines miscalculation that can no longer be raised in a § 2255 motion.  *Id.* at 1307.  Furthermore, the bar on filing a successive § 2255 motion could not render that section "inadequate or

7

ineffective" to test the legality of a prisoner's detention, or otherwise "the savings clause would eviscerate" the statutory bar on successive motions to vacate. *Id.* at 1308. We emphasized that one of the principle purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was to ensure a greater degree of finality for convictions, and that permitting prisoners to use the savings clause to assert guidelines-based attacks after the denial of a first § 2255 motion would wreak havoc on the finality interests that Congress sought to protect by imposing a statutory bar on successive motions. *Id.* at 1310-11. We also rejected Gilbert's argument that he was "actually innocent" of being a career offender because "[a] defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt." *Id.* at 1320. *See also Spencer v. United States*, __ F.3d __, 2014 WL 6234529 (11th Cir. Nov. 14, 2014) (en banc) (holding that a *Begay* claim is not cognizable in a § 2255 motion unless the sentence exceeds the statutory maximum).

The district court did not err in dismissing Hankerson's instant § 2241 petition as successive under § 2244(a). The district court adjudicated the merits of his *Begay* argument in his first § 2241 petition. While he now relies on *Begay* to

8

challenge a separate prior conviction for aggravated battery instead of the prior DUI conviction he sought to challenge in his initial § 2241 petition, the district court's reasoning for rejecting his reliance on *Begay*—timeliness and failure to satisfy the requirements of *Wofford* and *Gilbert*—was not limited to his challenge to his DUI conviction and would apply equally to his current challenge to his aggravated-battery conviction.  Thus, because the district court previously adjudicated his *Begay* claim on the merits in his first § 2241 petition, his second § 2241 petition again raising *Begay* as the basis for challenging his career-offender sentence was successive, and the district court properly dismissed it under § 2244(a).

    **AFFIRMED.**