**Dirk WILLIAMS, Petitioner-Appellant,**

v.

**SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, Attorney General, State of Florida, Respondents-Appellees.**

No. 14-14917
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

Filed (February 2, 2017)

Michael Robert Ufferman, Michael Ufferman Law Firm, PA, Tallahassee, FL, for Petitioner-Appellant

Bonnie Jean Parrish, Attorney General's Office, Daytona Beach, FL, Pam Bondi, Attorney General's Office, Tallahassee, FL, for Respondents-Appellees

Before TJOFLAT, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Dirk Williams, a counseled Florida prisoner, appeals the district court's dismissal of his habeas corpus petition under 28 U.S.C. § 2254 as untimely. A certificate of appealability was granted on the issue of "[w]hether the district court erred in dismissing as time-barred Williams's 28 U.S.C. § 2254 petition." He argues on appeal that the district court erred when it dismissed his petition because it started the limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on the day his conviction became final, instead of the following day, as required by our precedent and Fed. R. Civ. P. 6(a)(1)(A). The State of Florida does not contest that Williams's petition was timely filed under our precedent and that it is not barred by AEDPA's statute of limitations.

We review *de novo* the dismissal of a federal habeas petition as time-barred under 28 U.S.C. § 2244(d). *Cole v. Warden, Ga. State Prison,* 768 F.3d 1150, 1155 (11th Cir. 2014), *cert. denied,* —— U.S ——, 135 S. Ct. 1905, 191 L.Ed.2d 773 (2015).

AEDPA establishes a one-year statute of limitations for federal habeas petitions

---

* Honorable Harvey Bartle III, United States District Judge for the Eastern District of   Pennsylvania, sitting by designation.

filed by state prisoners, which runs, among other triggers, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA's limitation period is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). A prisoner's pleading is considered filed on the date the prisoner delivers the filing to prison authorities for mailing to the court. *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

Under Florida law, the Florida Supreme Court lacks jurisdiction to hear an appeal from a *per curiam* affirmance of a conviction by a lower state appellate court. *Jenkins v. State*, 385 So.2d 1356, 1359 (Fla. 1980). After the final state court of appeals rules on a § 2254 petitioner's conviction, the one-year limitations period does not begin to run until the 90-day window to petition the United States Supreme Court for a writ of *certiorari* expires. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). A Florida state court of appeals's order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief is pending until the mandate issues. *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

We calculate the one year limitations period under AEDPA using the anniversary method, where the limitations period expires on the one-year anniversary of the date the period begins to run. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Fed. R. Civ. P. 6(a)(1) states that, when calculating a period of time that is stated in days or a longer unit of time, courts should exclude the day of the event that triggers the period. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("[D]irect review of Petitioner's con-

viction concluded on October 5, 1998.... Petitioner had until Wednesday, October 6, 1999 to file this petition."); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (concluding that Washington's conviction became final on October 6, 1997, and he had until October 7, 1998 to file his § 2255 motion). In *Moore v. Campbell*, 344 F.3d 1313, 1319 (11th Cir. 2003), the petitioner, who was convicted and sentenced before the enactment of AEDPA, filed his § 2254 petition on April 24, 1997. This Court previously stated that such petitions must be filed by April 23, 1997, one year from AEDPA's enactment date of April 24, 1996. *Id.* 1319–20. However, in *Moore*, we concluded that Moore's petition was timely and the previous statement about a April 23, 1997 deadline was dicta because under Fed. R. Civ. P. 6(a), the limitations period did not start until the day after the triggering date of April 24, 1996. *Id.* at 1319–20.

Here, Williams's petition was timely. Williams's direct appeal to the Florida 5th District Court of Appeal ended on July 8, 2008, when the court denied his motion for rehearing. Because the Florida 5th District Court of Appeal affirmed his conviction *per curiam* without a written opinion, he could not appeal to the Florida Supreme Court. So, On October 6, 2008, his conviction became final after 90 days, when his time to file a writ of *certiorari* to the United States Supreme Court expired. *See Jenkins*, 385 So.2d at 1359; *Bond*, 309 F.3d at 774. On that date, Williams presented his Rule 3.850 motion to the prison authorities for mailing, and his motion tolled the time until he filed his § 2254 petition in November 2011. *See* 28 U.S.C. § 2244(d)(2); *Day*, 528 F.3d at 1318; *Nyland*, 216 F.3d at 1267.

Because Williams's § 2254 petition was timely filed, the district court erred in

dismissing it as time-barred. We vacate and remand for further proceedings.

**VACATED AND REMANDED.**