[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13323

Non-Argument Calendar

————————————————

TIMOTHY SNEED,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cv-00420-AW-MAF

————————————————

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Timothy Sneed, a Florida prisoner, appeals *pro se* from the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Sneed's § 2241 petition (1) challenges the Florida courts' final determination of the amount of days for his credit for time served and (2) contends that the Florida Department of Corrections ("DOC") improperly rescinded credit for some of his time served. The district court dismissed his § 2241 petition as untimely pursuant to the one-year statute of limitations period in 28 U.S.C. § 2244(d)(1).

On appeal, Sneed argues that his § 2241 petition was timely or, alternatively, that the limitation period does not apply to him under the miscarriage-of-justice exception. After review, we affirm the district court's dismissal.

## I.    FACTUAL BACKGROUND

### A.    2000 to 2010

In 2000, Sneed was convicted of second-degree murder with a firearm and sentenced to 35 years' imprisonment, with 765 days' credit for time served prior to the imposition of the sentence.

Sneed appealed, and the Florida appellate court reversed his murder conviction and sentence and remanded the case for a new trial in 2004. On remand, in 2005, Sneed was retried and again

convicted of the same murder crime and sentenced to 30 years' imprisonment, this time with 495 days' credit.

Subsequently, Sneed made a series of attempts to receive the proper amount of credit for time served. *See Sneed v. State*, 99 So. 3d 514, 514 (Fla. Dist. Ct. App. 2011). In 2010, the state trial court entered a corrected sentence providing Sneed with 1,265 days' credit. *Id.*

Sneed then challenged that calculation of 1,265 days' credit. *Id.* Ultimately, the state conceded that Sneed was entitled to additional credit for time served. *Id.* But a dispute remained as to the proper amount of credit. In the Florida appellate court, Sneed asserted that the correct amount was 2,746 days' credit, while the state contended that the correct amount was 2,703 days' credit. *Id.* The Florida appellate court remanded and instructed the sentencing trial court to determine the correct amount of credit. *Id.* at 514-15.

### B.    August 24, 2011 to March 26, 2012

On August 24, 2011, the sentencing trial court issued an "ORDER CORRECTING MOTION FOR CREDIT TIME SERVED." The court clarified that Sneed was to receive credit for all time served from his arrest on October 7, 1998 through his resentencing on February 28, 2006, for a total of 2,701 days. In that order, the trial court determined the correct amount of credit was 2,701 days, stating that Sneed "shall be awarded a total of 2,701 days credit for time served." That same day, the state trial court issued

a corrected sentencing order, which stated Sneed was "ENTITLED TO AN ADDITIONAL" 2,701 days of credit.

Sneed appealed, interpreting the trial court's order to mean that he was entitled to 2,701 days' credit plus 1,265 days' credit from an earlier judgment (for a total of 3,966 days). Sneed argued that the DOC effectively rescinded the initial award of 1,265 days' credit, which the subsequent August 2011 trial court order did not explicitly nullify. *Sneed v. Inch*, 2023 WL 4624472, at *1 (11th Cir. July 19, 2023) (summarizing Sneed's state court proceedings).

## C.    2012

On January 5, 2012, the Florida appellate court rejected Sneed's interpretation of the August 2011 order and held that Sneed "was not awarded an additional credit of 2,701 days for time served" beyond the initial 1,265 days' credit. *Sneed v. State*, No. 3D11-2822 (Fla. Dist. Ct. App. Jan. 5, 2012) (Miscellaneous Order (OR999)). Instead, "[t]he trial court recalculated the number of days served and awarded [Sneed] a total (both local time and state time) of 2,701 days." *Id.* The DOC was thus in compliance.

On March 26, 2012, the mandate issued. As of March 26, 2012, the Florida courts' calculation of Sneed's time-served credit—2,701 days—was final. *See Howard v. State*, 322 So. 3d 134, 137 (Fla. Dist. Ct. App. 2021) (stating an appellate court's judgment is final "where it issues a mandate").

### D.     2012 Petition for a Writ of Mandamus to 2014 Mandate

On May 15, 2012, Sneed filed a petition for a writ of mandamus in state court, seeking an application of the "additional" credit to his sentence.  The state trial court denied Sneed's mandamus petition, finding that the Florida appellate court (on January 5, 2012) clearly and unequivocally stated that Sneed was only entitled to a total of 2,701 days' credit.  *Sneed v. Dep't of Corr.*, No. 2012-CA-001587 (Fla. Cir. Ct. Aug. 1, 2013).  Indeed, Sneed had attached this Florida appellate court's January 5, 2012 order to his mandamus petition.

The Florida appellate court denied Sneed's petition for a writ of certiorari on the merits.  In June 2014, the mandate issued on Sneed's mandamus petition.

### E.     2019 State Habeas Petition

Five years later, in July 2019, Sneed filed a state petition for a writ of habeas corpus, challenging the amount of time-served credit that he received and seeking immediate release.  On February 23, 2020, the state trial court denied the petition.  On October 28, 2020, the Florida appellate court affirmed.  *See Sneed v. Inch*, 320 So. 3d 148 (Fla. Dist. Ct. App. 2020).

### F.     2021 § 2241 Habeas Petition in Federal Court

In October 2021, Sneed filed a § 2241 habeas petition in federal court.  Sneed challenged the execution of his sentence, not his underlying conviction or sentence.

The DOC moved to dismiss Sneed's § 2241 petition on the basis that Sneed did not file his petition within the one-year statute of limitations required by 28 U.S.C. § 2244(d)(1). Sneed objected, asserting that his § 2241 petition was not untimely. He also contended that he was not subject to the "one-year time limit" because "there can be no statutory time bar to seeking immediate release" from an expired sentence.

The district court rejected Sneed's arguments, finding that 28 U.S.C. § 2244(d)(1)'s one-year time limit applied. The district court concluded that the limitation period began sometime in 2012 when the Florida appellate court determined that Sneed was entitled to only a total of 2,701 days' credit and Sneed became aware of that decision. As such, the district court dismissed Sneed's § 2241 petition, filed in 2021, as untimely because there was at least a five-year period during 2014 to 2019 when nothing was pending related to this challenge.

Sneed timely appealed.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's dismissal of a petition for a writ of habeas corpus. *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).

## III.    ONE-YEAR LIMITATION FOR FEDERAL HABEAS PETITIONS

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus

by a person in custody pursuant to the judgment of a State court." We have held that the one-year statute of limitations applies to a § 2241 petition brought by a person imprisoned pursuant to a state court judgment. *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) (holding that a state prisoner's § 2241 petition was subject to the one-year statute of limitations in § 2244(d)(1)).[1]

Sneed was in custody pursuant to a state court judgment. *See Clements v. Florida*, 59 F.4th 1204, 1206 (11th Cir. 2023) ("[C]ustody generally means physical detention or confinement."). Thus, Sneed's § 2241 petition was subject to the § 2244(d)(1) one-year statute of limitations. 28 U.S.C. § 2244(d)(1); *see Peoples*, 393 F.3d at 1353.

## IV.    DISCUSSION

### A.    Factual Predicate

The one-year limitation period begins to run from, *inter alia*, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). We need not determine the earliest possible time the factual predicate could have been discovered with due diligence. This is because we may affirm a district court's dismissal of a habeas petition as untimely based on

---

[1] "[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Sneed's time-served credit claim relates to the execution of his sentence and is properly brought under § 2241. The DOC does not contend otherwise.

when the prisoner, here Sneed, had actual knowledge of the factual predicate for his claim. *See Brown v. Barrow*, 512 F.3d 1304, 1308 (11th Cir. 2008).

The factual predicate for Sneed's claim is when the calculation of his time-served credit became final. Here, the factual predicate that forms the basis of Sneed's claim is the Florida appellate court's order clarifying that Sneed is entitled to a total of 2,701 days' credit, rather than 2,701 days' credit in addition to the previously granted credit. *See Robinson v. Sec'y, Fla. Dep't of Corr.*, 2018 WL 3854024, at *3 (11th Cir. 2018) (determining the factual predicate for a claim that DOC failed to apply gain and incentive time to be when tentative release day was calculated). That order was issued on January 5, 2012, and the mandate issued on March 26, 2012.

On May 15, 2012, Sneed filed a petition for a writ of mandamus in which he argued he had not received the correct credit for time served. That petition attached the Florida appellate court's order clarifying that Sneed was entitled to a total of 2,701 days' credit, rather than an additional credit of 2,701 days above the 1,265 days. Based on his mandamus petition, Sneed had actual knowledge of the factual predicate by at least May 15, 2012 and thus the one-year period began to run by May 15, 2012.

## B.    Tolling

Next, we must assess whether the statute of limitations for Sneed's § 2241 petition was tolled after May 15, 2012. Statutory tolling allows state prisoners to toll the limitation period while state

post-conviction or other collateral review actions are pending. 28 U.S.C. § 2244(d)(2). The one-year limitation period in § 2244(d)(1) is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Where a petition for a writ of mandamus is the proper vehicle for raising a post-conviction challenge, such a petition tolls the limitation period. *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008) (challenging a decision of the Georgia parole board).

In Florida, when a prisoner challenges a sentence-reducing credit determination, a writ of habeas corpus is the proper remedy if the prisoner seeks immediate release, and a writ of mandamus is the proper remedy if the prisoner does not allege that he is entitled to immediate release. *Bush v. State*, 945 So. 2d 1207, 1210 (Fla. 2006). A post-conviction proceeding in Florida remains pending until the mandate issues. *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

Here, Sneed challenged the final time-served credit determination through a petition for a writ of mandamus filed in 2012. A petition for a writ of mandamus in 2012 was the proper vehicle for Sneed's challenge because he did not claim that he was entitled to immediate release. *See Bush*, 945 So. 2d at 1210. Thus, Sneed's mandamus petition tolled the statute of limitations for bringing a federal habeas petition from May 2012 to June 2014, when the mandate issued finalizing that mandamus case. *See Day*, 528 F.3d at 1318; *Nyland*, 216 F.3d at 1267.

Absent the filing of an additional tolling motion between June 2014 and June 2015, the one-year limitation period expired in June 2015. *See* 28 U.S.C. § 2244(d). A petition that is filed after a limitation period expires "cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Sneed does not contend that he properly filed any additional tolling motions from June 2014 until his state habeas petition was filed in 2019. Any petition that was filed after June 2015 cannot toll the limitation period because the period had already expired. *See Tinker*, 255 F.3d at 1333.

Instead, Sneed argues, incorrectly, that the limitation clock restarted on the date in which he believes he was entitled to release because the appropriate state vehicle for him to challenge the final credit determination changed from mandamus (when he was seeking early release) to habeas (when he was seeking immediate release). Sneed, however, ignores the fact that the essence of his mandamus and habeas petitions are the same—Sneed claims that he is entitled to additional credit for time served above the 2,701 days—and the factual predicate for his habeas petition occurred in 2012 when he received his final credit determination. Sneed's § 2241 petition is untimely.

## C.    Miscarriage-of-Justice Exception

Under the federal miscarriage-of-justice exception, a petitioner may overcome the expiration of the statute of limitations if he makes "a convincing showing of actual

innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  To establish actual innocence, a petitioner must show that, in light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quotation marks omitted).

Sneed has not proven that he was innocent of second-degree murder with a firearm.  Therefore, he does not fall within the miscarriage-of-justice exception.  *See id.*  As such, the limitation period on Sneed's claim expired in June 2015 and his federal habeas petition was untimely.

## V.    CONCLUSION

For the reasons stated above, the district court did not err in dismissing Sneed's complaint as untimely.

**AFFIRMED.**